UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARLETTE MARIA MANUELA PALACIOS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL CHERTOFF, et al, ) <br> ) <br> Defendant. ) <br> _____ ) | 2:06-cv-878-BES (RJJ) <br><br> **ORDER** |

Before the Court is Defendants Michael Chertoff, Emilio T. Gonzalez, and Christina Poulos' ("Defendants") Motion to Dismiss Plaintiff's Petition as Moot ("Motion to Dismiss" (#8)). In response, Marlette Maria Manuela Palacios ("Palacios") filed Motions to: (1) Strike Defendants' Motion to Dismiss Plaintiff's Petition as Moot; and (2) Vacate U.S. Department of Homeland Security Notice of the Decision on Form I-130 Petition for Alien Relative ("Motions to Strike and Vacate" (#9)). Subsequently, Defendants filed a Response to Plaintiff's Motions to Strike and Vacate (#10).

**I. Factual Background**

Palacios is a United States citizen. On June 17, 2002, she filed a Form I-130 Petition for Alien Relative with the United States Citizenship and Immigration Services ("CIS") for a man she claims as her husband, Jesus Palacios. Palacios sought classification of Jesus Palacios as a spouse of a United States citizen so he could apply for an immigrant visa. Marilyn Romanelli ("Romanelli") is Palacios' designated local counsel. Robert Reeves

("Reeves") has been admitted to practice pro hac vice in this Court for this particular case on behalf of Palacios.

Before ruling on Palacios' request, the CIS requested more evidence from Palacios. Specifically, the CIS needed Palacios' marriage license which was absent from the Form I-130 Application. However, rather than submit the marriage license, Palacios submitted an application for a marriage license. The CIS denied Palacios' Form I-130 application for lack of sufficient evidence on September 10, 2003.

Palacios claims that she never received notice of the September 10, 2003 decision ("Notice of Decision"). She also states that she contacted the CIS numerous times about the Form I-130 Application and received no response. Defendants claim that the Notice of Decision was sent to Palacios' last known address on September 10, 2003.

On July 17, 2006, Palacios filed a Petition for Writ of Mandamus and Motion for Relief which was served on the United States Attorney for the District of Nevada on July 24, 2006. Defendants filed the Motion to Dismiss on September 25, 2006. Defendants served the Motion to Dismiss on Reeves via electronic case filing and on Romanelli by regular mail. Palacios claims that she never received notice of the Motion to Dismiss, primarily because Palacios never consented to service of process via electronic means and her attorneys were not registered for electronic case filing. Palacios then filed her Motions to Strike and Vacate on November 11, 2006.

## II. Analysis

### A. *Motion to Strike Defendant's Motion to Dismiss*.

Palacios argues that the Motions to Strike should be granted because service of the Motion to Dismiss was ineffective. Palacios asserts that she never consented to service by electronic means and that the Court did not issue an order permitting service of process by electronic means pursuant to Local Rule 5-4. Defendants argue that service of process was effective because Palacios' local counsel, Romanelli, was properly served by mail and that service on Reeves via electronic filing was authorized under the local rules and special orders of this Court.

The first issue is whether service of the Motion to Dismiss on Romanelli by mail constituted proper service. In relevant part, Federal Rule of Civil Procedure ("FRCP") 5(b)(2)(B) states: "Service under Rule 5(a) is made by mailing a copy to the last known address of the person served." The time for performing any act under the Local Rules or the Federal Rules of Civil Procedure runs from the date of service on the resident attorney. Local Rule 10-2(d). Furthermore, Rule 5 does not require that pleadings be served on all counsel of record, but merely requires that the pleadings be served on all other parties. *See*, Fed.R.Civ.P. 5; Allen v. Pacific Bell, 212 F.Supp.2d 1180, 1190 (C.D.Cal. 2002). Service is not required on each of several counsel appearing on behalf of a party and "service upon one, but not all, of its counsel is effective service." Id.

In this case, the Motion to Dismiss was properly served on Palacios' local counsel, Romanelli, via mail, on September 25, 2006. Therefore, service of process on Palacios was effective when Romanelli was served by mail and this service was effective for all of Palacios' counsel.

Service also is authorized under FRCP 5(b)(2)(D) by: "delivering a copy by any other means, including electronic means, consented to in writing by the person served. If authorized by local rule, a party may make service....through the court's transmission facilities." Local Rule 5-4 authorizes service of documents by electronic means pursuant to a special order of the court. U.S. Dist. Ct., Dist. of Nev. Local Rule 5-4. Special Order #109 states in relevant part that:

> "all cases and proceedings filed on or after January 1, 2006 shall be assigned to the Electronic Filing System. Except as provided elsewhere in these procedures, all documents filed in connection with a case that has been assigned to the System will be filed electronically."

Special Order #109, U.S. Dist. Ct., Dist. of Nev. (Sept. 30, 2005), § I(A). Special Order #109 also states that all "attorneys....admitted to participate in a case pro hac vice...shall register as Filing Users of the (Electronic Filing) System." Id. at § I(B). "Registration as a Filing User constitutes consent to receive service through the Electronic Filing System." Id. at § IV(A).

Palacios claims that she did not consent to electronic filing and that the Court did not

enter an order allowing for electronic filing in this case.  However, the facts do not support Palacios' argument as Special Order #109 requires electronic filing.  Furthermore, had Reeves complied with the rules and orders applying to attorneys participating in a case pro hac vice, consent to receive service through electronic filing would have been given.  In fact, it is but for Reeves' failure to comply with the Local Rules and Orders of this Court to register as a user of the electronic filing system that Reeves did not receive notice.  Furthermore, as stated above, Reeves and Palacios were on notice of the pending Motion to Dismiss because Palacios' local counsel, Romanelli, was properly served at her place of business.  Hence, the Motion to Strike is denied because service of process was effective upon Palacios' local counsel.

### B.     *Plaintiff's Motion to Vacate and Defendants' Motion to Dismiss.*

Palacios argues that even if the Motion to Dismiss was properly served, it cannot be granted because the Notice of Decision was never served on Palacios, which deprived her of any opportunity to contest the allegations listed in the Notice of Decision or to appeal the adverse determination.  Palacios further argues that since Defendants did not notify her of the opportunity to appeal the adverse determination or the procedures for appealing the Notice of Decision, the Notice of Decision must be vacated.  Defendants argue that this claim is premature because Palacios failed to exhaust her administrative remedies, which is a prerequisite to this Court having jurisdiction to consider the writ of mandamus.

Under the doctrine of exhaustion of administrative remedies, a party may not seek judicial review of an adverse administrative decision until the party first pursues all possible relief within the agency.  Young v. Reno, 114 F.3d 879, 881 (9th Cir. 1997), *citing* Howell v. INS, 72 F.3d 288, 291 (2d Cir.1995).  Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence. *See* Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir.2003).  As noted in Laing v. Ashcroft, "[i]f exhaustion is required by statute, it may be mandatory and jurisdictional, but courts have discretion to waive a prudential requirement." Laing v. Aschroft, 370 F.3d 994, 997 (9th Cir.2004).   If exhaustion is a matter of prudence, a court may require a party to first exhaust its administrative remedies if: "(1)

agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. Noriega-Lopez, 335 F.3d at 881 (quoting Montes v. Thornburgh, 919 F.2d 531, 537 (9th Cir.1990)); United States v. California Care, 709 F.2d 1241, 1248 (9th Cir. 1983), *citing* McGee v. United States, 402 U.S. 479, 484 (1971); McKart v. United States, 395 U.S. 185 (1969)).

In this case, the Court finds that the CIS has the necessary expertise to consider what documents are appropriate to grant a Form I-130 Application. It also has the experience and resources available to determine whether Palacios submitted a valid application. Furthermore, the CIS has inherent knowledge of the procedure by which notices of decision are made and will be able to determine if service of the Notice of Decision was appropriate in Palacios' case.

Additionally, the Court finds that allowing applicants for family-sponsored immigrant visas to receive writs of mandamus without exhausting all administrative remedies would encourage the deliberate bypass of the administrative scheme. *See*, Noriega-Lopez, 335 F.3d at 881; California Care, 709 F.2d at 1248. Form I-130 applicants must proceed through the administrative application and appeal process before applying for a writ of mandamus, which would be the final option in an appeal of an agency decision.

Finally, administrative review of Palacios' case will allow the CIS to correct its alleged improper denial of her Form I-130 Application. If there was improper service of the Notice of Decision and Palacios is in possession of a valid marriage license to Jesus Palacios, then the CIS can approve the application.

After examining the California Care factors, the use of the judicial doctrine of exhaustion is appropriate in this case. The CIS is the appropriate agency to resolve this dispute and has the resources to do so. The Court also must encourage the exhaustion of all administrative remedies in such cases or else it will allow applicants for family-sponsored immigrant visas to circumvent the CIS appellate process and apply directly to the courts. Further, appeal to the CIS will give the agency an opportunity to correct its alleged mistake and make a court-issued

writ of mandamus unnecessary.

The Court finds that Palacios has not exhausted all administrative remedies that the CIS makes available and, therefore, the Court will exercise the doctrine of exhaustion and dismiss the Motion to Vacate for lack of subject matter jurisdiction and grant Defendants' Motion to Dismiss.

### III.  Conclusion

Accordingly, IT IS ORDERED that Plaintiff's Motions to: (1) Strike Defendants' Motion to Dismiss Plaintiff's Petition as Moot; and (2) Vacate U.S. Department of Homeland Security Notice of the Decision on Form I-130 Petition for Alien Relative (#9) is DENIED.  IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Plaintiff's Petition as Moot (#8) is GRANTED.   Plaintiff's Complaint is dismissed with prejudice and Plaintiff can re-file the matter pending the outcome of the administrative matter with the United States Citizenship and Immigration Services.

DATED: This 11th day of July, 2007.

_____
UNITED STATES DISTRICT JUDGE